UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE INFRINGER IDENTIFIED AS USING IP ADDRESS 73.231.112.197,<br><br>    Defendant. | Case No. 21-cv-08818-SVK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SETTING ASIDE DEFAULT**<br><br>Re: Dkt. No. 26 |

On November 12, 2021, Plaintiff Strike 3 Holdings, LLC filed a complaint against a defendant identified in the Complaint by the IP address 73.231.112.197, whose name was redacted, for copyright infringement. Dkt. 1. On November 23, 2021, Strike 3 filed a motion for leave to file the original complaint under seal in light of Defendant's anticipated privacy concerns, which the Court granted. Dkt. 8-9. The under-seal version of the complaint contains the name of the defendant (the "Defendant") as well as his address and information about his interests. Dkt. 8-6. After serving the summons and complaint and securing an entry of default against Defendant, Strike 3 now moves for default judgment. Dkt. 26. Although Strike 3 has consented to the jurisdiction of a magistrate judge (Dkt. 7), Defendant has not appeared or consented.

The Court finds this matter suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** Strike 3's motion for default judgment and **SETS ASIDE** the default entered by the Clerk of Court, without prejudice to Strike 3's ability to seek default judgment based on proper proof of service of Defendant and a more complete evidentiary record tying Defendant to the acts of infringement alleged in the Complaint.

## I. BACKGROUND

In the sealed complaint in this case, Strike 3 alleges that Defendant used BitTorrent–a system designed to quickly distribute large files over the internet–to download, copy, and distribute 122 digital media files (the "Works") that are similar or substantially similar to copyrighted works owned by Strike 3, thereby infringing Strike 3's copyright. *See* Dkt. 8-6 ¶¶ 17, 37. Through its infringement detection system, VXN Scan, Strike 3 identified the IP address of the person downloading and distributing the Works as IP address 72.231.112.197. *Id.* ¶¶ 27-39.

Before filing this action, Strike 3 obtained authorization from a Florida state court to serve a subpoena on the Internet Service Provider ("ISP") that provided the relevant IP address. Dkt. 26-2 ¶ 3. Pursuant to the subpoena, the ISP disclosed the subscriber's identity to Strike 3. *Id.* In its motion for default judgment, Strike 3 states, but does not explain, that it "then determined that another person in the household besides the subscriber was the infringer." *Id.* Strike 3 indicates that the Defendant named in the sealed complaint in this case is the person who was the infringer. *Id.*

Strike 3 served Defendant with the complaint on February 19, 2022, giving him until March 14, 2022 to file a response to the complaint. Dkt. 15, 16. Defendant did not file a response to the complaint by the deadline, and on May 11, 2022, Strike 3 requested that the Court vacate an Initial Case Management Conference scheduled for May 17, 2022 because Strike 3 intended to file a request for default and motion for default judgment. Dkt. 18. In granting Strike 3's request to vacate the CMC, the Court set deadlines for Strike 3 to file a request for default and a motion for default judgment. Dkt. 21. Strike 3 timely requested an entry of default against Defendant, which was granted by the Clerk of Court. Dkt. 22, 24. After Strike 3 missed the court-ordered deadline for filing a motion for default judgment, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. 25 (the "OSC"). Based on Plaintiff's response to the OSC, the Court discharged the OSC. Dkt. 29, 30.

On July 28, 2022, Strike 3 filed the instant motion for default judgment against Defendant. Dkt. 26. As of the date of this Order, Defendant has not filed a response to the motion for default judgment.

## II. LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4.

If these requirements are met, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its determination a court should consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)

## III. DISCUSSION

### A. Service

As discussed above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit.*" Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

Strike 3's motion for default judgment states that "Plaintiff served Defendant with a Summons and Complaint on February 19, 2021" and "service under Fed. R. Civ. P. 4(e) was proper." Dkt. 26-1 at 2. Rule 4(e) of the Federal Rules of Civil Procedure sets forth several

3

1  methods of service. An individual defendant may be served by: (1) delivering a copy of the
2  summons and complaint to the individual personally; (2) leaving a copy of the summons and
3  complaint at the individual's dwelling or usual place of abode with someone of suitable age and
4  discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent
5  authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).
6  Alternatively, an individual defendant may be served with process pursuant to the law of the state
7  where the district court is located. Fed. R. Civ. P. 4(e)(1). Under California law, individual
8  defendants may be served by several means, including personal delivery of the summons and
9  complaint to the individual or the individual's authorized agent. Cal. Code Civ. Proc. §§ 415.10,
10 416.90.

11       The proof of service filed by Strike 3 states that Defendant was served by substitute service
12 and by mail. Dkt.16. The proof of service states that copies of the summons and complaint were
13 left with or in the presence of "JERRY DOE" at the address stated in the complaint for Defendant
14 and mailed to the same address. *Id.* There is a checked box on the proof of service that states that
15 a declaration of diligence is attached stating actions taken first to attempt personal service. *Id.*
16 However, no declaration of diligence is attached to the proof of service on file with the Court. *Id.*
17 Under California law, substitute service is permitted only "[i]f a copy of the summons and
18 complaint cannot with reasonable diligence be personally delivered to the person to be
19 served . . . " Cal. Code Civ. Proc. § 415.20(b). By contrast, Federal Rule of Civil Procedure
20 4(e)(2)(B), which permits substitute service, "does not contain a reasonable diligence
21 requirement." *Trustlabs, Inc. v. An*, No. 21-cv-2505-CRB, 2021 WL 312595, at *2 n.2 (July 23,
22 2021).

23       The Court cannot conclude on the present record that service was proper because Strike 3
24 does not specify which law(s) authorized service in the manner made and because the proof of
25 service on file is incomplete.

26     **B.**    **Jurisdiction**
27       Where, as here, a plaintiff seeks entry of default judgment against a party who has failed to
28 plead or otherwise defend, "a district court has an affirmative duty to look into its jurisdiction over

4

both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has federal question subject matter jurisdiction over this matter because it is brought under the federal Copyright Act. *See* 28 U.S.C. §§ 1331, 1338. Assuming Strike 3 properly serves Defendant at the address indicated in the Complaint, the requirement of personal jurisdiction will be satisfied because Defendant is alleged to reside in this District. *See* Dkt. 8-6 ¶ 12.

### C.    *Eitel* Factors

Having discussed the threshold requirements of service and jurisdiction, the Court next considers the *Eitel* factors.

The second and third *Eitel* factors concern whether Strike 3's claims against Defendant are adequately pleaded and sufficient to find liability on the facts alleged, which must be taken as true. Strike 3's claim for copyright infringement is asserted under 17 U.S.C. § 101 *et seq*. Dkt. 8-6. ¶ 7. To prove copyright infringement, Strike 3 must establish: (1) that it owns a valid copyright and (2) that Defendant copied consistent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Strike 3 alleges that it owns valid copyrights for each of the copyrighted Works in question. *See* Dkt. 8-6 ¶¶ 42, 45, 56. Strike 3 also alleges that its investigation revealed that Defendant used BitTorrent to download, reproduce, and distribute the films in question without Strike 3's permission or consent, thereby violating Strike 3's exclusive rights to reproduce, distribute, perform, and display the films in question. *Id.* ¶¶ 28-43.

However, "[o]nce Strike 3 learns the defendant's identity, it cannot rely on a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity to state a plausible claim for direct or contributory copyright infringement." *Strike 3 Holdings, LLC v. Andaya*, No. 21-cv-00760-VKD, 2021 WL 5123643, at *3 (N.D. Cal. Nov. 4, 2021), report and recommendation adopted at 2021 WL 5908421 (N.D. Cal. Dec. 14, 2021), (citing *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018)). Because multiple devices and individuals may be able to connect via an IP address, "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Andaya*, 2021 WL 5123643, at *3 (citing *Cobbler Nevada*, 901 F.3d at 1145). In *Andaya*, for

example, a court in this District granted Strike 3's motion for default judgment where Strike 3 submitted a declaration attesting to detailed information establishing a connection between the defendant in that case and the IP address that engaged in the infringement of Strike 3's copyrighted works. *Id.* at *4. The declaration linked the subscriber and location information received in response to its subpoena to information developed in its geolocation investigation, provided evidence that a single BitTorrent client was used to download and distribute all works through the IP address in question, provided evidence that the user in question was a permanent resident at the identified address and was likely to be the defendant rather than other residents at that address, identified changes in the pattern of BitTorrent use associated with the subject IP address after the subscriber was notified of Strike 3's subpoena, and noted the defendant's deletion of the social media pages after he was served with the summons and complaint. *Id.*

Here, Strike 3 attempts to allege additional facts in the Complaint tying Defendant to the acts of infringement at issue. Dkt. 8-6 ¶¶ 50-54. For example, Strike 3 alleges that Defendant is interested in the television show *Curb Your Enthusiasm*, the band Tool, rock music, and heavy metal music. *Id.* Strike 3 alleges that the BitTorrent network activity emanating from the IP address identified in the Complaint involved works related to these interests. *Id.* However, the record does not contain evidence (rather than mere allegations) concerning Strike 3's investigation and how it linked Defendant to the alleged acts of infringement. This is particularly problematic in this case because the motion for default judgment states that Defendant is *not* the subscriber identified in response to Strike 3's subpoena. *See* Dkt. 27-2 ¶ 3.

Because the Court concludes that the second and third *Eitel* factors are not satisfied on the present record, the Court does not reach the other *Eitel* factors at this time and exercises its discretion to **DENY** Strike 3's motion for default judgment because of the lack of evidence tying Defendant to the complained-of acts of infringement.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Strike 3's motion for default judgment and **ORDERS** as follows:

1. In light of Plaintiff's inadequate service of the summons and complaint as discussed above, the default entered by the Clerk of Court (Dkt. 24) is **SET ASIDE**. *See* Fed. R. Civ. Proc. 55(c) ("The court may set aside an entry of default for good cause"); *Investcorp Retirement Specialists, Inc. v. Ohno,* No. C-07-01304 RMW, 2007 WL 2462122, *2 (N.D. Cal. 2007) ("The court may set aside entries of default *sua sponte*").

2. Strike 3 must properly serve Defendant with the Summons and Complaint, along with a copy of this Order, and must file a complete proof of service no later than **December 5, 2022**. Defendant's time to respond to the Complaint shall run from the time of service.

3. If Defendant fails to respond and Strike 3 obtains a new default, in any renewed motion for default judgment, Strike 3 must (1) designate the law(s) that authorize the manner of service of the Summons and Complaint, and (2) submit additional evidence tying Defendant to the IP address and the alleged acts of infringement at issue.

4. If Defendant seeks to proceed anonymously in this case, Defendant must file a motion seeking leave to do so. If no such motion is filed within two weeks after Defendant is served with a renewed motion for default judgment, all documents filed under seal in this case will be unsealed and the docket will be updated to reflect Defendant's name.

**SO ORDERED.**

Dated: November 23, 2022

SUSAN VAN KEULEN
United States Magistrate Judge